**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10592 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00205-WHA-1 |
| v. | |
| JAQUAN DESHAWN TAYLOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 15, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and EZRA,[***] District Judge.

Defendant-Appellant Jaquan Taylor appeals his conviction, following a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

stipulated-facts bench trial, for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Taylor argues that the district court should have suppressed the gun and ammunition that slipped from his waistband when a police officer tackled Taylor to the ground after he suddenly ran away from the police. Taylor contends that the gun and ammunition were fruits of an unconstitutional seizure because the police did not have reasonable suspicion to stop him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The government argues for the first time on appeal that Taylor was not "seized" for purposes of the Fourth Amendment before the gun and ammunition fell from his waistband and, therefore, that those items cannot be fruits of an illegal seizure. The government waived this argument by failing to present it to the district court. *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991).

**2.** Reasonable suspicion requires a "particularized and objective basis for suspecting the particular person stopped of criminal activity" under the "totality of the circumstances." *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). Headlong flight, like other nervous, evasive behavior, can support reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). The characteristics of a particular location are also "relevant contextual considerations." *See id.* We

2

review reasonable suspicion determinations de novo, but we review the district court's underlying factual findings for clear error, "giving 'due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Cotterman*, 709 F.3d at 968 (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

Here, the district court concluded that the officers had reasonable suspicion based on the following findings: (1) Taylor "sudden[ly] sprinted away from the police," (2) after the police approached in a civil and non-threatening manner, without guns drawn, in a well-lit area where lots of people were milling about, (3) immediately after one of the individuals with Taylor declared that no one in the group was on parole and the police could not search them. The district court also found that a funeral for a local gang member had occurred earlier that day and concluded that a reasonable officer could therefore infer that tensions in the neighborhood might be high and people out at night might be concealing weapons.[1] Moreover, although the police approached and questioned a group of six to ten men, Taylor was the only one who took off running. Based on these facts, we reject Taylor's argument that the police provoked him into flight. And

---

[1] Taylor claims that "no officer testified in support" of this conclusion at the hearing and that "there is no factual basis for this portion of the district court's order." Although Taylor is correct that no officer specifically attested to drawing that inference, the record contained sufficient facts for the district court to conclude that a reasonable officer could have done so.

we conclude that, under these circumstances, a reasonable officer could infer that Taylor's flight was suspicious and thus could detain him to investigate further.

To the extent Taylor argues for a per se rule that an African-American citizen's flight from the police can never contribute to reasonable suspicion, that argument is foreclosed by *Illinois v. Wardlow*, 528 U.S. 119 (2000). That fear on the part of African-Americans (or others) might cause them to innocently run from the police does not preclude the possibility that flight could be suspicious in some circumstances, such as those here. *United States v. Valdes-Vega*, 738 F.3d 1074, 1080 (9th Cir. 2013) (en banc) ("Even innocent, noncriminal acts can foster reasonable suspicion in the total context.").

**AFFIRMED.**